

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-7-2006

# USA v. Allen

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-3171

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"USA v. Allen" (2006). 2006 Decisions. Paper 1288.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1288

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 05-3171
_____

UNITED STATES OF AMERICA

v.

JERRAD K. ALLEN,
                                        Appellant

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(Crim. No. 04-166)
(Honorable Donetta W. Ambrose, Chief United States District Judge)
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
March 31, 2006

Before: SMITH and COWEN, <u>Circuit</u> <u>Judges</u>, and ACKERMAN, <u>District</u> <u>Judge</u>.[*]

(Filed: April 7, 2006 )
_____

OPINION OF THE COURT
_____

ACKERMAN, <u>District</u> <u>Judge</u>.  This matter comes before the Court on an appeal

from a criminal conviction and sentencing following Appellant Jerrad K. Allen's guilty

_____

[*]The Honorable Harold A. Ackerman, United States District Judge for the District
of New Jersey, sitting by designation.

1

plea to all counts of a three-count indictment alleging (1) possession with intent to distribute crack cocaine, (2) carrying a firearm during and in relation to a drug trafficking crime, and (3) possession of a firearm by a convicted felon. Allen filed a pretrial motion to suppress evidence of the drugs and firearm on Fourth Amendment grounds, and Chief Judge Donetta W. Ambrose denied the motion. The District Court sentenced Allen to a term of imprisonment of 120 months on counts 1 and 3, to be served concurrently, and 60 months on count 2, to be served consecutively. In his plea agreement, Allen preserved his right to appeal the denial of his motion to suppress. The sole issue on appeal is whether the District Court properly denied the motion to suppress. This Court has appellate jurisdiction under 28 U.S.C. § 1291. We now affirm.

I.

On August 6, 2003, City of Pittsburgh police officers were investigating an individual named Anthony Swann for suspected narcotics offenses. Working with a confidential informant ("CI"), the officers arranged to conduct a drug buy/bust. At the appointed time, the CI called Swann and ordered nine ounces of cocaine. The CI informed the officers that Swann would likely arrive in a white Lincoln or a white Lexus, but that he might also arrive in a jitney. If Swann arrived with another male, the CI warned, the officers should exercise caution because the second person could have a gun in the vehicle.

The CI drove to the agreed-upon location, and the officers set up surveillance. Officers observed a burgundy Ford F150 truck, occupied by Allen and Swann, arrive and

park next to the CI's car. Swann emerged from the passenger side of the truck and entered the CI's vehicle, leaving Allen behind the wheel of the idling truck. Shortly thereafter, the CI flashed the brake lights of his car, signaling to the officers that the CI had observed the drugs.

Upon seeing the CI's signal, officers approached the parked cars. While other officers approached Swann, Detective Provident of the Pittsburgh Police Department approached the driver's side of the truck where Allen remained seated. Detective Provident identified himself with his badge and ordered Allen out of the truck. As Allen emerged, Detective Provident patted around Allen's waist and immediately discovered a loaded handgun concealed in Allen's waistline.

While keeping his hand on Allen's handgun, Detective Provident ordered Allen to lie on the ground. Once Allen was on the ground, Detective Provident asked Allen whether he had a permit for the firearm, and Allen responded that he did not. At that point, Detective Provident removed the handgun and placed Allen under arrest. An incidental search revealed that Allen also was carrying a quantity of crack cocaine and $2,860 in his left pocket.

## II.

In reviewing a district court's denial of a motion to suppress, we review the underlying factual findings for clear error, and we exercise plenary review over the district court's application of the law to those facts. *United States v. Lockett*, 406 F.3d 207, 211 (3d Cir. 2005).

The District Court found, based on the facts described, that Detective Provident performed a valid investigatory stop and search of Allen pursuant to *Terry v. Ohio*, 392 U.S. 1 (1968). A *Terry* stop is justified when an officer has reasonable suspicion, based on specific and articulable facts and rational inferences from those facts, that criminal activity may be afoot. *Illinois v. Wardlow*, 528 U.S. 119, 123 (2000); *Terry*, 392 U.S. at 21. In such circumstances, the officer may conduct a limited search of the outer clothing of the person or persons with whom he is dealing for the presence of weapons. *Terry*, 392 U.S. at 30. Any weapons found in the course of such a search are generally admissible as evidence against the person from whom they were taken. *Id.* at 31.

A court will measure the reasonableness of an officer's suspicion by what the officer knew before conducting the search. *Florida v. J.L.*, 529 U.S. 266, 271 (2000). When making this inquiry, a court must examine the totality of the circumstances confronting the officer at the time of the stop-and-frisk. *United States v. Bonner*, 363 F.3d 213, 217 (3d Cir. 2004). The officer's experience and knowledge should figure prominently into the court's analysis. *United States v. Nelson*, 284 F.3d 472, 482 (3d Cir. 2002) (noting that the Supreme Court has "accorded great deference to the officer's knowledge of the nature and the nuances of the type of criminal activity that he had observed in his experience, almost to the point of permitting it to be the focal point of the analysis").

At the time he performed the search of Allen, Detective Provident had 17 years of experience with the Pittsburgh Police Department, 16 of which were as a narcotics

4

detective. He testified at the suppression hearing that firearms are often involved in narcotics offenses. For this reason, he testified, narcotics detectives routinely "secure" the scene of an arrest by checking individuals at the scene for weapons. Here, the officers knew from the CI that if a second person accompanied Swann to the scene, that person probably would have a firearm. Indeed, Officer Provident testified that the CI told officers "that if there was a second person, they would definitely be part of the drug transaction. If they were having a firearm or carrying it, they are there to protect the person they are with." (App. Vol. 2 at 58.) Therefore, it is clear that when the officers observed Allen accompanying Swann to the scene of the buy/bust, and later saw the CI's signal indicating that Swann had brought the narcotics, they had reasonable suspicion to justify a *Terry* search of Allen.

We perceive no legal significance in the CI indicating to officers that Swann might arrive at the scene in a white Lincoln or Lexus, when in fact he arrived in a burgundy Ford truck. The CI also told officers that Swann might arrive in a jitney, and at the suppression hearing Officer Provident testified to his understanding that a jitney could be any vehicle. (App. Vol. 2 at 55-56.) Therefore, the fact that Allen arrived in a burgundy Ford truck is not inconsistent with the CI's information and need not have dispelled the officers' reasonable suspicion.

Allen cites *Alabama v. White*, 496 U.S. 325, 329 (1990), for the proposition that officers acting on information provided by an informant may not conduct a *Terry* stop absent indicia of reliability. In *White*, the Supreme Court held that an anonymous tip,

5

corroborated by independent detective work, may provide sufficient indicia of reliability to justify a *Terry* stop. *Id.* at 326-27. If *White* helped to define the boundary between a mere hunch and reasonable suspicion, the instant case surely falls well on the side of the latter. Here, police were not reacting to an anonymous tip. They were working with a live informant who police understood had conducted previous deals with Swann. Officers were present when the CI phoned Swann to arrange the sale. When Swann appeared at the appointed time and location, and the CI signaled to officers that Swann had brought the drugs, the CI's information was corroborated. Therefore, we think that the totality of the circumstances, viewed in light of the officers' specialized experience, easily corroborated the CI's information and justified Detective Provident's reasonable suspicion.

## III.

We find that Detective Provident possessed reasonable suspicion based on specific and articulable facts that criminal activity may be afoot, and executed a near-textbook *Terry* stop-and-frisk before placing Allen under arrest. We will therefore AFFIRM the District Court's Order denying Allen's motion to suppress evidence of the firearm and crack cocaine.